Oatley *v.* Lewin.

JULIA OATLEY *vs.* ROBERT LEWIN.

The plaintiff applied to the defendant to purchase a house and lot. The defendant filled up, and executed, a printed blank, of an agreement, by which he agreed to sell and convey to the plaintiff the house and lot, for $21,000, *free from all incumbrances,* except certain mortgages referred to. The title to the premises was in the defendant's wife, and the deed to her showed, on its face, that it was given subject to certain restrictions against nuisances, and also subject to the right of the owners of certain adjoining houses and lots to use, in common with the grantee, a certain alley way, four feet wide, off the rear of the premises. On the day fixed for the delivery of the deed, the defendant tendered to the plaintiff a deed duly executed and acknowledged by himself and his wife, for the property, and such a deed as by the agreement was to be given, except that it showed, on its face, that it was given subject to the restrictions against nuisances and to the easement in the alley way. The plaintiff refused to take the deed, on the ground that the property was incumbered by the restrictions against nuisances and the easement in the alley way. In an action by the plaintiff to recover $1000, part of the consideration paid at the date of the agreement, and the expenses of searching the title; *it was held* that an *order of arrest,* holding the defendant to bail in the sum of $2000, on the ground that when the agreement of sale was made and the $1000 paid by the plaintiff, the defendant fraudulently represented that he was the owner of the premises, and thus induced the plaintiff to pay him the $1000, was improper, and could not be sustained, on the ground upon which it was granted.

APPEAL from an order made at a special term, denying the defendant's motion to vacate an order of arrest. The facts are stated in the opinion.

*By the Court,* SUTHERLAND, J.   The plaintiff applied to the defendant to purchase the house and lot No. 495 Fifth avenue, in the city of New York, in which the defendant resided, with his wife.   The defendant, a merchant and not a lawyer, drew or filled up a printed blank of an agreement, which he executed, and by which he agreed to sell and convey to the plaintiff the house and lot for $21,000, *free from all incumbrances,* except certain mortgages referred to in the agreement.   The title to the premises was in the defendant's wife, and the deed to her showed, on its face, that it was given subject to certain restrictions against nuisances, and also subject to the right of the owners of certain adjoining houses and lots to use in common with the grantee a certain alley way four feet wide, off the rear of the premises, and included in the boundaries thereof.   On the 4th of June, 1864, the day fixed by the agreement for the delivery of the deed, the defendant tendered to the plaintiff a deed duly executed and acknowledged by himself *and wife,* for the property, and such a deed as by the agreement was to be given, *except that it showed, on its face, that it was given subject to the restrictions against nuisances and to the easement in the alley way* aforesaid.   The plaintiff refused to take the deed, on the ground that the property *was encumbered by these restrictions against nuisances and the easement in the alley way;* and having, when the agreement of sale was executed, paid the defendant $1000 of the consideration money, she subsequently brought this action to recover the $1000 with interest, and $250 expenses for searching title.   The issues in the action were tried at the circuit, in March, 1865, and a verdict directed for the plaintiff for $1323.97, the court staying the entry of judgment on the verdict until the decision of the general term on certain exceptions of the defend-

ant, provided within a certain time he gave security for the payment of the verdict and costs, if the plaintiff should ultimately recover. After the verdict, and on or about the 22d day of April, 1865, an order of arrest was applied for and granted, holding the defendant to bail in the sum of $2000, *on the ground that when the agreement of sale was executed, and the* $1000 *paid by the plaintiff to the defendant, the defendant fraudulently represented that he was the owner of the premises, and thus induced the plaintiff to pay him the* $1000.

The defendant having been arrested, made a motion to have the order of arrest vacated ; which motion was denied, and from the order denying his motion to vacate the order of arrest he has appealed to the general term.

It seems that prior to the arrest of the defendant, but at what time does not appear, the plaintiff assigned her claim in the action to her attorney.

If the foregoing bare statement of the prominent and conceded facts, bearing on the question presented by the appeal, does not at once show that the order of arrest can not be sustained on the ground on which it was granted, I think the following suggestions will make this plain.

The words of the Code (§ 179, *sub.* 4,) are, "When the defendant has been guilty of a fraud, in contracting the debt, *or incurring the obligation for which the action is brought,*" &c. The defendant contracted no *debt* by receiving the $1000 at the time of the agreement to sell. That money was not lent to the defendant, nor paid for him, but was paid to him as part of the purchase money. When and how did the defendant incur *the obligation for which the action was brought?* Assuming that the easement and the restrictions against nuisances were incumbrances, within the meaning of that word as used in the agreement of sale, and would be binding on a grantee with notice, and that therefore the circuit judge was right in directing a verdict for the plaintiff, the obligation for which the action was brought, and for

Oatley *v.* Lewin.

which the verdict was rendered, was incurred on the 4th of June, the day fixed for the delivery of the deed, and not before; and it was incurred by, or arose from, the obligation to convey free from all incumbrances except the mortgages, and the inability of the defendant to deliver or tender on that day such a conveyance, and not in the remotest degree from any other fact or circumstance. Now, what connection with the origin or incurring·of the obligation *for which this action was brought,* had the alleged fraudulent representations at the time the agreement of sale was made and the $1000 paid, that the defendant was the owner of the property? None whatever; and it is plain that to say that it had, is to utter an absurdity. What difference· did it make to the plaintiff, whether the alleged representation was true or false, it being conceded that the title was in the wife, and that the plaintiff was tendered a deed executed by both husband and wife? In fact the plaintiff refused to take the deed which was tendered, not because the defendant was not the owner, but because of the alleged incumbrances in addition to the mortgages; and in fact this action was brought, and the verdict directed in it, upon the ground of the alleged additional incumbrances, and not upon the ground that the defendant was not the owner, or falsely represented himself to be the owner.

I have thus shown, I think, that the order of arrest can not be sustained, and should be vacated, irrespective of the question whether the defendant did or did not fraudulently make the alleged representation that he was the owner at the time the $1000 was paid; for I have shown, I think, that such representation, however fraudulent, had no connection, and nothing whatever to do, *with the obligation for which the action was brought;* that it did not and could not in any way, or to any extent or in any degree, create or originate or cause such obligation.

Enough has been said, I think, to dispose of the case; but in justice to the defendant I ought to add, that having care-

fully read the affidavits on which the order of arrest was granted, and the affidavits for and in opposition to the motion to vacate it, I am of the opinion that there was not a colorable pretense or excuse for charging the defendant with any fraud or fraudulent intention in the matter. Indeed I may say that the conduct of the parties up to the time of the verdict, and the undisputed facts and circumstances of the case, absolutely rebut or prohibit any charge or inference of fraud. The idea that the defendant *fraudulently* represented that he was the owner was a far fetched and forced idea, and evidently got up and dressed up after the verdict, for the purpose of obtaining the order of arrest. The papers have even failed to satisfy me that the defendant ever did in fact represent himself to be the owner, or say that the title was in him, *otherwise than by contracting to sell the property as he did.*

The order appealed from should be reversed, and the order of arrest vacated, with costs.

[NEW YORK GENERAL TERM, June 4, 1866. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]